NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JOHN F. THOMAS, AKA John Frank, AKA John Marshall, AKA John Rodgers, AKA Jonathan West; THOMAS BECKER, <br><br> Defendants-Appellants, <br><br> and <br><br> DOUGLAS MARTIN; et al., <br><br> Defendants. | No. 21-15146 <br><br> D.C. No. 2:19-cv-01515-APG-VCF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

John F. Thomas and Thomas Becker appeal pro se from the district court's default judgments entered against them in a civil enforcement action brought by the Securities and Exchange Commission ("SEC"). We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's ruling on a party's request to stay proceedings. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). We affirm.

The district court did not abuse its discretion in imposing a limited stay, which appellants did not seek to extend, premised on an ongoing criminal investigation of appellants. *See Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995) (setting forth factors to consider in deciding whether to stay civil proceedings pending the outcome of criminal proceedings); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

In their opening brief, appellants fail to address how the district court erred in entering default judgments against them and thus this issue is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

**AFFIRMED.**

21-15146